UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OLIVER FAISON,

                Petitioner,

v.                                             CASE NO. 07-13547
                                            HONORABLE DENISE PAGE HOOD
C. EICHENLAUB,

                Respondent.
_____/

## **OPINION AND ORDER DISMISSING HABEAS PETITION AS MOOT**

**I. Introduction**

      Petitioner Oliver Faison is a federal inmate who is serving a sentence of eighty-four months in prison and three years of supervised release for possession with intent to distribute cocaine and using or carrying a firearm during, or in relation to, a drug trafficking offense. Currently pending before the Court is Petitioner's *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner was in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Milan, Michigan when he filed his habeas petition on August 23, 2007.

      The habeas petition challenges the validity of 28 C.F.R. §§ 570.20 and 570.21 and the BOP's policy regarding prisoners' eligibility for placement in a community corrections center ("CCC").[1] Petitioner alleges that the BOP's policy of not placing inmates in a CCC until the final ten percent or six months of the inmate's sentence conflicts with 18 U.S.C. § 3621(b). He

---

      [1] Community corrections centers also are known as residential re-entry centers or halfway houses.

maintains that he is entitled to a fair evaluation of his request for a transfer to a CCC based on the criteria set forth in § 3621(b).

Respondent argues in a response to the habeas petition that Petitioner did not exhaust administrative remedies for his claims and that the BOP's policy of categorically limiting an inmate's placement in a CCC is a valid exercise of its rule-making authority. Petitioner replies that it would be futile to exhaust administrative remedies because the Bureau of Prisons has refused to deviate from its policy on placement in a CCC, despite federal decisions invalidating the policy.

The Court finds it unnecessary to decide whether exhaustion of administrative remedies would be futile or whether Petitioner's substantive claims have any merit because Petitioner has been transferred to a CCC. As the following discussion demonstrates, his claims are moot.

## II. Discussion

Article III of the United States Constitution extends judicial power to cases and controversies. *See* U.S. CONST. art. III, § 2, cl.1. "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983 ) (citing *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 38 (1976)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . [I]t is not enough that a dispute was very much alive when [the] suit was filed . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (citations and internal quotation marks omitted).

If an event occurs that makes it impossible for a court to grant any effectual relief, the

case must be dismissed, *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992), because "[f]ederal courts lack jurisdiction to decide moot cases . . . ." *Iron Arrow Honor Society v. Heckler*, 464 U.S. at 70 (citing *Dfunis v. Odegaard*, 416 U.S. 312, 316 (1974)). "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal. v. United States*, 506 U.S. at 12 (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

Records maintained by the BOP on its official website (www.bop.gov) indicate that Petitioner currently is confined in a CCC in Cincinnati, Ohio. Because Petitioner sought, and has been granted, placement in a CCC, no actual injury remains to be addressed.

Although an exception to the mootness doctrine exists for disputes capable of repetition, yet evading review, "[t]hat exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Davis v. Federal Election Comm'n*, __ U.S. __, __, 128 S. Ct. 2759, 2769 (2008) (citations and quotation marks omitted). Neither exception applies here. The challenged action was not too short to be fully litigated prior to cessation and there is no reason to believe that Petitioner will be subject to the same controversy again. He is expected to be released from custody on November 8, 2008.

## III. Conclusion

This case has been rendered moot by Petitioner's placement in a CCC. *Marshek v. Eichenlaub*, 266 Fed. Appx. 392 (6th Cir. 2008) (unpublished decision); *Brock v. United States Dep't of Justice*, 256 Fed. Appx. 748 (6th Cir. 2007) (unpublished decision). Mootness deprives

the Court of its power to act because there is nothing for the Court to remedy, even if it were disposed to do so. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). Accordingly, the application for a writ of habeas corpus [Doc. 1, Oct. 29, 2007] is **DISMISSED** without prejudice.


          S/Denise Page Hood  
          Denise Page Hood  
          United States District Judge

Dated: December 5, 2008

    I hereby certify that a copy of the foregoing document was served upon counsel of record and Oliver Faison, Reg. No. 38947060, Morgantown Federal Correctional Institution, P.O. Box 1000 Morgantown, WV 26507 on December 5, 2008, by electronic and/or ordinary mail.

          S/William F. Lewis  
          Case Manager